Samuel D. WATKINS, Appellant,

v.

Josephine V. WATKINS, Appellee.

Superior Court of Pennsylvania.

Submitted Jan. 30, 2001.

Decided April 25, 2001.

Vanessa M. Daniele, Williamsport, for appellant.

Lee H. Roberts, Lock Haven, for appellee.

Before POPOVICH, JOYCE and BROSKY, JJ.

POPOVICH, J.:

¶ 1 This is an appeal from the judgment entered in the Court of Common Pleas of Clinton County which denied appellant's claim that he had acquired a portion of appellee's property through adverse possession. Upon review, we affirm.

¶ 2 The relevant facts and procedural history are as follows: Appellant, Samuel D. Watkins, filed an action to quiet title on October 13, 1998, and an amended complaint to quiet title on November 30, 1998. Appellant sought to acquire title by adverse possession to a triangular shaped parcel on the eastern boundary line of his property. Appellee, Josephine V. Watkins, is the record owner of the disputed property and appellant's neighbor. Appellee filed a counterclaim and requested that the lower court award her damages in the amount of $1,800 to repair damage to her property that appellant allegedly caused when bulldozing a portion of the disputed property. Appellee and her husband, Samuel Watkins, Jr., ("Tink," now deceased) purchased their property in 1969. In the early 1970s, they installed a fence to keep their horses, cows and goats enclosed. According to appellee, they did not place the fence so that it followed the boundary line of their property. Rather, they placed the fence on a line with more trees so they would not have to buy as many posts and also to avoid being too close to the property of Tink's grandfather, Daniel Watkins. Appellant claims ownership to the area between the fence and his boundary line by adverse possession.

¶ 3 The parties in this dispute are not related by blood. However, appellant is the cousin of appellee's late husband, Samuel "Tink" Watkins. Appellant presented evidence that members of the Watkins family have owned appellant's property for years. The record owners were Daniel Watkins (from 1941–83, the grandfather of appellee's late husband and appellant's great-uncle), David Watkins, Sr., (from 1983–90, appellant's grandfather), Joseph Watkins (from 1990–94, appellant's brother) and appellant from 1994 to present. Appellant admitted that the property in dispute is not referenced in any of the deeds that appear in his chain of title. However, he presented evidence that members of his family have used the disputed portion of property in several ways. Appellant testified that he believed a portion of his grandfather's home was over the boundary line and on the disputed property. He also testified that his grandfather kept an outhouse and some dog pens in the disputed area and that he also stored old motorcycle frames and lawn mowers on the disputed property. Appellant also presented testimony that he and his brothers maintained the disputed area by mowing it when their grandfather became too old to do so and that, when appellee's animals escaped the fenced-in area, appellant and his brother, Roy Watkins, would get the animals back into appellee's enclosure. Additionally, Roy Watkins testified that a portion of their grandfather's garden was in the disputed area and that he helped to cultivate it.

¶ 4 On August 20, 1999, the lower court issued an order scheduling a visit to the site of the disputed property for September 15, 1999, and a non-jury trial for the following day. Following the trial, the lower court issued an order and opinion filed on October 7, 1999, finding appellee to be the fee simple owner of the disputed property and awarding appellee $1,800 in damages. The trial court determined that appellant did not establish all of the elements of adverse possession and was therefore not entitled to ownership of the disputed portion of land. Specifically, the trial court concluded that appellant did not establish that possession of the disputed land was hostile and continuous for a period of twenty-one years. Thus, because appellant failed to establish every element of adverse possession, the court declined to confer title to appellant.

¶ 5 Appellant did not file a motion for post-trial relief following the entry of the lower court's order. However, fifteen days after the entry of the order, on October 22, 1999, appellant filed a motion to reconsider which was denied by the trial court on October 25, 1999. Appellant filed

a notice of appeal on November 3, 1999, and a concise statement of matters complained of on appeal on November 18, 1999. Appellee filed a motion to quash the appeal on March 17, 2000, asserting that appellant's appeal should be quashed for failure to file a timely motion for post-trial relief. On May 5, 2000, we denied appellee's motion but allowed appellee to raise the issue before the panel assigned to the case.[1]

¶ 6 Appellant presents the following issues for our review:

1. Whether the lower court erred in finding that [appellant's] predecessor in title was an immediate family member?

2. Whether the lower court erred in finding that [appellant] did not establish privity between himself and his predecessors in title?

3. Whether the lower court erred in finding that [appellant] failed to establish that the possession of the premises was hostile?

Appellant's brief, p. 6.

¶ 7 When reviewing a trial court's decision regarding an action to

1. On appeal, appellee argues that we should quash this appeal because instead of filing a timely motion for post-trial relief within ten days of the final order, appellant filed a motion to reconsider fifteen days after the entry of the order and before filing notice of appeal. We deny appellee's motion to quash. We find that appellant's motion was treated as an untimely motion for post-trial relief incorrectly captioned as a motion to reconsider. Appellant's motion raised substantive issues which the lower court considered and denied within the thirty day period in which the court still had jurisdiction over the case. Appellee did not object or allege any prejudice by the trial court's consideration of the motion. "Whenever a party files post-trial motions at a time when the court has jurisdiction over the matter but outside the ten-day requirement of Pa.R.C.P. 227.1, the trial court's decision to consider the motions should not

be subject to review unless the opposing party objects." *Mammoccio v. 1818 Market Partnership,* 734 A.2d 23 (Pa.Super.1999) (citing *Millard v. Nagle,* 402 Pa.Super. 376, 587 A.2d 10, 12 (1991) *affirmed,* 533 Pa. 410, 625 A.2d 641 (1993)). If the opposing party objects, then the trial court must consider the fault of the party filing late and the prejudice to the opposing party. *Id.* We note that this case is unlike *Lane Enterprises, Inc. v. L.B. Foster Co.,* 700 A.2d 465, 469–70 (Pa.Super.1997), *reversed,* 551 Pa. 306, 710 A.2d 54 (1998), where our Supreme Court reversed this Court, indicating that failure to file post-trial motions results in waiver of the issues on appeal. Here, appellant did file a post-trial motion, albeit untimely, and the trial court did consider the motion as a motion for post-trial relief. We find that the trial court was well within its discretion to do so.

quiet title, we are limited to determining whether the findings of fact that led to the trial court's conclusions of law are supported by competent evidence. *Birdsboro Mun. Auth. v. Reading Co.,* 758 A.2d 222 (Pa.Super.2000). "Ordinarily, an appellate court will not reverse a determination of the trial court in a quiet title action absent an error of law or capricious disregard of the evidence." *Id.* at 225. *See also, Moore v. Duran,* 455 Pa.Super. 124, 687 A.2d 822 (1996).

¶ 8 It is well settled that a party claiming title to real property by adverse possession must affirmatively prove that he or she had actual, continuous, distinct, and hostile possession of the land for twenty-one years. *Fred E. Young, Inc. v. Brush Mtn. Sportsmen's Ass'n,* 697 A.2d 984 (Pa.Super.1997). Each of these elements must exist, otherwise the possession will not confer title. *Id.* An adverse possessor must intend to hold the land for himself, and that intention must be made manifest. *Id.* Broadly speaking, actual possession of land is dominion over the land; it is not equivalent to occupancy. *Id.* There is no fixed rule, however, by which the actual possession of real property by an adverse claimant may be determined in all cases. *Id.* The determination of what constitutes actual possession of property for purposes of adverse possession depends on the facts of each case, and to a large extent, on the character of the premises. *Id.* The words visible and notorious possession mean that the claim of ownership must be evidenced by conduct sufficient to place a reasonable person on notice that his or her land is being held by the claimant as his own. *Id.* To constitute distinct and exclusive possession, it need only be a type of possession which would characterize an owner's use. *Id.* Further, in order for adverse possession to ripen into title, it is necessary to show that such

possession has been continuous and uninterrupted for the full statutory period. *Id.* In this Commonwealth, the statutory period is twenty-one years. The law does not require that the claimant remain continuously on the land and perform acts of ownership from day to day. *Id.* The word "hostile," as an element of adverse possession does not mean "ill will" or "hostility," but implies an assertion of ownership rights adverse to that of the true owner and all others. *Glenn v. Shuey,* 407 Pa.Super. 213, 595 A.2d 606 (1991). If all of the elements of adverse possession other than hostility are established, the element of hostility is implied. *Id.* However, it is important to note that where a familial or fiduciary relationship exists, permissive use will be presumed, thereby negating the element of hostility. *Waltimyer v. Smith,* 383 Pa.Super. 291, 556 A.2d 912, 914 (1989).

¶ 9 Additionally, where, as here, the claimant of the disputed land has not possessed the land for the required twenty-one year period, the claimant must tack its predecessor's period of adverse possession for adverse possession to exist. In order for possession to be tacked, there must be privity between the successive occupants of the property. *Glenn,* 595 A.2d at 612. Privity refers to a succession of relationship to the same thing, whether created by deed or other acts or by operation of law. *Id.* However, a deed does not itself create privity between the grantor and the grantee as to land not described in the deed but occupied by the grantor in connection therewith, although the grantee enters into possession of the land and uses it in connection with that conveyed. *Id.,* 595 A.2d at 612–613. Rather, acceptance of a deed describing boundary lines confines the premises conveyed to the area within the boundaries, and such a deed does not convey inchoate rights acquired

by incompleted adverse possession. *Id.* Each predecessor must have claimed title to the property in dispute, and have purported to include it. *Id.; see also Moore v. Duran,* 455 Pa.Super. 124, 687 A.2d 822, 829 (1996).

¶ 10 Keeping these principles in mind, we address appellant's first claim that the trial court erred in finding that appellant's predecessor in title was an immediate family member. Appellant claims that the lower court incorrectly found that Daniel Watkins, owner of appellant's property from 1941 1983, was the grandfather of appellee's husband, Tink Watkins, and the great-uncle of appellant. Appellant asserts that Daniel Watkins was his grandfather and that this mistake is critical because it bears on whether the use of the disputed land was permissive, and therefore not hostile, given that Daniel Watkins was an immediate family member of appellant, not appellee. Preliminarily, we find that the testimony in the record supports the lower court's finding that Daniel Watkins was the grandfather of appellee's late husband. However, we must also point out that appellant's assertion of the law is incorrect. The use of the disputed land is deemed permissive when a familial relationship exists. There is no need for the predecessor in title to be an *immediate* family member. In fact, in *Waltimyer, supra,* we noted that permissive use may be established in a variety of relationships. We stated:

A use will be presumed to be permissive in a variety of situations involving familial or fiduciary relationships. *See e.g., Ingles v. Ingles,* 150 Pa. 397, 24 A. 677 (1892) (grantor/grantee); *Appeal of Norris,* 71 Pa. 106 (1872) (executor/heirs); *Clark v. Trindle,* 52 Pa. 492 (1866) (family); *Martin v. Jackson,* 27 Pa. 504 (1856) (agent/principal); *Hart v. Gregg,* 10 Watts 185 (Pa.1840) (co-heirs);

*Union Canal Co. v. Young,* 1 Whart. 410 (Pa.1836) (vendor/vendee); *Priester v. Milleman,* 161 Pa.Super. 507, 55 A.2d 540 (1947) (bailor/bailee). However, when no special relationship exists between the parties, a sufficiently notorious use will be presumed to be enough to alert the owner of the land to an adverse claim, and it will be incumbent upon the owner of the land to establish the alleged permissive use.

*Id.,* 556 A.2d at 914.

¶ 11 We agree with the trial court's conclusion that because a familial relationship exists between the parties, the use of the disputed land was not hostile. *See also Sterner v. Freed,* 391 Pa.Super. 254, 570 A.2d 1079, 1082 (1990) (where a familial or fiduciary relationship exists, permissive use will be presumed). Moreover, we note that appellee testified that she and her husband knew that the fence was not the true boundary line. They placed the fence inside of the boundary line to save money on the number of posts they would have to buy. Further, they wished to allow for more space to exist between their house and the house of Samuel "Tink" Watkins' grandfather while he still lived there. Also, there is no indication that appellee and her husband ever objected to the use of their property by appellant or his predecessors. Rather, they permitted them to use the disputed parcel of property for storage and other menial uses. Thus, we agree with the trial court's finding that permissive use of the disputed parcel existed and consequently, appellant did not establish the element of hostility necessary to claim title by adverse possession.

¶ 12 Next, we address whether the trial court erred in finding that appellant did not establish privity between himself and his predecessors in title. Appellant acquired ownership to his land in 1994

and ownership of the disputed land has been the subject of litigation between the parties since 1998. Appellant accordingly must tack his predecessor's period of adverse possession to establish his claim to the disputed parcel. To do so, appellant must establish privity between himself and his predecessors in title.

¶ 13 Appellant maintains that if he tacks on the periods during which other members of his family were in possession of the disputed land, he will have met the twenty-one year requirement for continuous use of the property in dispute. He concedes that there was no reference to the disputed land in the deed conveyed to him, yet he maintains that privity existed despite the lack of evidence to show that each predecessor claimed title to the land.

¶ 14 We agree with the trial court's finding that appellant failed to establish privity. In *Moore, supra,* we re-stated the principle that

> Acceptance of a deed describing boundary lines confine[s] the premises [conveyed] to the area within the boundaries, and ... such a deed does not convey inchoate rights acquired by incompleted adverse possession. Each predecessor must have claimed title to the property in dispute, and in transferring to his successors must have purported to include it.

*Id.,* 687 A.2d at 828. (citations omitted). In *Moore,* the plaintiffs, William and Richard Moore, instituted an action to quiet title to a six-acre parcel of land. The lower court found that Michael Duran, the defendant's father, had established his claim to the disputed parcel through adverse possession and could properly convey the land if he chose to do so. However, when he attempted to convey the land to his son, Timothy Duran, he did not include the disputed parcel in the deed. Therefore, we found that because the deed did not convey Michael Duran's interest in the disputed parcel, that the claimant to the property, Timothy Duran, was required to establish that he independently had possession of the property for the required amount of time. *Id.* We concluded that Timothy Duran's possession of the disputed parcel of land failed to meet the required twenty-one year period of continuous possession, and accordingly, his claim of adverse possession of the disputed parcel failed. *Id., see also, Wolfe v. Porter,* 405 Pa.Super. 385, 592 A.2d 716, 719 (1991) (where title by adverse possession is inchoate, a deed by a grantor which fails to convey such inchoate right is ineffective to create privity which allows tacking).

¶ 15 We agree with the trial court's conclusion that because there was no reference to the disputed parcel in the deed, that appellant was required to independently establish possession for the required twenty-one years. Thus, because he has only been in possession of the land since 1994 and there was no reference to the disputed parcel in the deed conveying the property to him, we agree that he has failed to establish privity between himself and his predecessors in title.

¶ 16 Appellant lastly claims the trial court erred in finding that possession of the disputed parcel was not hostile. We have addressed this claim in our discussion of appellant's first claim regarding the familial relationship of the parties and our conclusion that a familial relationship creates a presumption of permissive use of the property. Accordingly, because appellant has failed to establish that the use of the disputed property was hostile and continuous for a period of twenty-one years, we find that his adverse possession claim fails.

¶ 17 Judgment affirmed.