# Rose v. Thomas

C.P. of Fayette County, no. 1186 of 1999 G.D.

*James Higinbotham,* for plaintiff.
*Neil Marcus,* for defendants.

WARMAN, *J.,* June 12, 2002—This action is presently before the court for decision following a non-jury trial conducted on February 14, 2002. Marion A. Rose (plaintiff) brought this action to quiet title by presenting a claim of title by adverse possession to lot numbers 27 and 28 of the Jacobs addition plan located in Brownsville, Brownsville Township, Fayette County, Pennsylvania. The lots were twice sold by the Fayette County Tax Claim Bureau for unpaid and delinquent taxes. The chains of title to the subject lots are as follows:

"(A) By deed dated September 28, 1922, and recorded in the office of the recorder of deeds of Fayette County, Pennsylvania in deed book volume 428, page 56, David Thomas, a widower, conveyed to Nancy Thomas lot nos. 27 and 28 in a plan of lots known as the Jacobs addition, a copy of which is recorded in the aforesaid recorder's office in plan book volume 1, page 201.

"(B) By deed dated June 16, 1926, and recorded in the aforesaid recorder's office in deed book volume 412, page 88, Nancy Thomas, a single woman, conveyed to George W. Thomas and Myrtle A. Thomas, his wife, lot no. 27 in the said Jacobs addition. The said George W. Thomas died March 21, 1944. Accordingly, title to lot no. 27 vested in Myrtle A. Thomas as the surviving tenant by the entirety.

"(C) By deed dated August 15, 1942, and recorded in the aforesaid recorder's office on March 16, 1965, in deed book volume 1004, page 102, the treasurer of Fayette County conveyed property owned by Nancy Thomas to the commissioners of Fayette County for failure to pay taxes for calendar year 1934. The deed described the property deed as a house and lot situate in Brownsville Borough.

"(D) By deed dated November 9, 1944, and recorded on March 16, 1965, in the aforesaid recorder's office in deed book volume 1004, page 104, the commissioners of Fayette County purported to convey both lot nos. 27 and 28 in the aforesaid plan to Bessie E. Patterson.

"(E) By deed dated October 31, 1969, and recorded February 19, 1970, in the aforesaid recorder's office in deed book volume 1089, page 367, Bessie E. Patterson, a widow, purported to convey both lot nos. 27 and 28 to John V. Gresh and Gloria A. Gresh, his wife.

"(F) By deed dated September 18, 1997, and recorded December 8, 1997, in the aforesaid recorder's office in record book volume 2004, page 300, Gloria A. Gresh, a widow, purported to convey both lot nos. 27 and 28 in the aforesaid plan to Spade E. Van Divner. Said deed recites that John V. Gresh died May 1, 1984.

"(G) By deed dated April 17, 1967, and recorded April 25, 1967, in the aforesaid recorder's office in deed book volume 1041, page 205, the Fayette County Tax Claim Bureau conveyed 25 vacant lots of land known and identified as lot nos. 27 through 38 and 42 through 54, inclusive, in the aforesaid Jacobs addition plan to Frank Mayhut and Nellie Mayhut, his wife. Said property was sold for nonpayment of taxes by one Adam Jacobs.

"(H) By deed dated October 2, 1971, and recorded October 5, 1971, in the aforesaid recorder's office in deed book volume 1116, page 501, Frank Mayhut and Nellie Mayhut, his wife, conveyed said 25 vacant lots of land, including said lot nos. 27 and 28, to Ray E. Rose and Marion A. Rose, his wife. The said Ray E. Rose died July 25, 1992, thereby vesting title in said premises in Marion A. Rose as the surviving tenant by the entirety."[1]

The relevant facts are as follows. Plaintiff initiated this action to quite title on or about June 17, 1999, when a complaint was filed on her behalf in the Court of Common Pleas of Fayette County, Pennsylvania, against Myrtle A. Thomas, Nancy Thomas, Spade E. Van Divner, Adam Jacobs, their heirs, successors, and assigns, generally.

On or about June 29, 1999, defendant Spade E. Van Divner was served a copy of plaintiff's complaint and notice of suit. On or about August 17, 1999, an answer was filed on his behalf wherein he claimed to hold title to the subject lots by virtue of his deed. The plaintiff, however, was unable to locate the remaining defendants and subsequently requested this court to enter an order

---

1. The parties have agreed to stipulate as to the authenticity of the deeds in each chain of title.

allowing service of the complaint and notice of suit against Myrtle A. Thomas, Nancy Thomas, Adam Jacobs, their heirs, successors, and assigns, generally, to be made pursuant to Pa.R.C.P. 430(b)(1) which authorizes service by publication once in a legal publication designated by the court and again in a newspaper of general circulation within the county. On July 23, 1999, we entered such an order.

Following publication, no answers were filed nor were any appearances entered on behalf of said defendants. Thereafter, following a motion filed on behalf of plaintiff pursuant to Pa.R.C.P. 1066(b)(1), this court entered a decree forever barring them from asserting any right, title, interest, or claim to the subject lots.

A pretrial conference was thereafter held followed by a motion for trial filed on plaintiff's behalf. We scheduled and held said trial on February 14, 2002. A view was conducted by this court on the same day with the parties and their counsel present.

Plaintiff asserts in this action that she is the fee simple owner of the subject lots by virtue of adverse possession. In support of her claim, plaintiff asserts that since the purchase of the subject lots in 1971, she has been in actual, continuous, distinct, exclusive, visible, notorious, and hostile possession of the same. Based on all of the evidence presented at trial, we agree.

Adverse possession is an extraordinary doctrine which permits one to achieve ownership of another's property by operation of law; accordingly, the grant of this extraordinary privilege should be based upon clear evidence. *Flannery v. Stump,* 786 A.2d 255 (Pa. Super. 2001). One who claims title to land by adverse posses-

sion must prove that he had actual, continuous, exclusive, visible, notorious, distinct, and hostile possession of the land for 21 years. *Conneaut Lake Park Inc. v. Klingensmith,* 362 Pa. 592, 66 A.2d 828 (1949). The burden of proving adverse possession of land falls on the one asserting title by adverse possession. *Id.* When the elements of adverse possession have been satisfied, absolute fee ownership vests in the claimant. *Philadelphia Electric Co. v. Philadelphia,* 303 Pa. 422, 154 A. 492 (1931).

Actual possession requires acts signifying permanent occupation of land, which are performed continuously throughout the year. *Smith v. Peterman,* 263 Pa. Super. 155, 397 A.2d 793 (1978). Actual possession of land for the purpose of adverse possession is dominion over the land; it is not equivalent to occupancy. *Watkins v. Watkins,* 775 A.2d 841 (Pa. Super. 2001). There is no fixed rule by which actual possession of real property by an adverse possession claimant may be determined in all cases; the determination of what constitutes actual possession of property depends on the facts of each case, and to a large extent, on the character of the premises. *Id.*

Here, the testimony adduced at the time of trial convinces this court that plaintiff exercised such a dominion over the subject lots. Plaintiff testified that when the land was purchased in 1971, it was overgrown and looked like a garbage dump. To make use of the land, plaintiff's husband hauled the garbage away and improved the lots. Shortly thereafter, plaintiff testified that her husband and brother planted and maintained a very large garden on lots 27 and 28. They maintained the garden until approximately 1991 when her husband died. The garden remains today, although it is significantly reduced in size. After

her husband died, plaintiff's son-in-law plowed, leveled, and planted grass in the area of the former garden, and it is now used as a yard. Plaintiff's family has regularly cut the grass and maintained the yard since reducing the size of the garden.

Plaintiff and her family have also split, stacked, and stored firewood on the lots. Her grandson played on the lots as a child, and her son-in-law testified that he helped to landscape the same. Additionally, plaintiff and her husband gave a right-of-way to the water company for the purpose of installing a water line across the subject lots. Plaintiff's husband also made a pathway across the corner of lot 27 and allowed children living in Snowden Patch to use the same on their way to and from school. Based on all of the evidence adduced at the time of trial, we believe that plaintiff has sufficiently established her actual use and possession of the subject lots for a period of time in excess of the statutory requirement.

We also believe that the evidence adduced at the time of trial was sufficient to establish plaintiff's continuous, exclusive, visible, notorious, and hostile use of the land beyond the 21-year requirement. We will now turn to a discussion of these elements as they pertain to this case.

With regard to continuous use, defendant argued that plaintiff's use was not continuous because it was not conducted on a 365-day basis, and that during the winter and other such times, there would be obvious long periods when she would not use the same.

Contrary to defendant's argument, however, an adverse possession claimant need not remain continuously on the land and perform acts of ownership on a day-to-day basis to establish a continuous ownership for purposes of adverse possession. See *Watkins, supra;* see also, *Glenn*

*v. Shuey,* 407 Pa. Super. 213, 595 A.2d 606 (1991). A temporary break or interruption, not of unreasonable duration, does not destroy the continuity of an adverse claimant's possession. *Id.* In order to break the continuity of possession, there must either be an abandonment or possession must be taken by one disconnected with the previous holder. *Kaminski Brothers Inc. v. Grassi,* 237 Pa. Super. 478, 352 A.2d 80 (1975). Here, plaintiff did not abandon her possession of the lots, nor was possession taken from her. Quite the contrary is true. We, accordingly, found no merit in defendant's argument that plaintiff did not use the lots on a continuous basis for purposes of her adverse possession claim.

As to the element of exclusive use, we found no merit in defendant's argument that plaintiff did not exclusively occupy the subject lots. Defendant argued that in order to establish exclusive possession, plaintiff was required to show that she and she alone used the property, and that because here there is testimony that other people used the property, plaintiff has failed to establish exclusive use.

Plaintiff indeed testified that it was possible that persons other than school children used the pathway made by her husband that cuts across lot 27. There is also testimony from defendant that he and his family members have sporadically used the property. The exclusive character of plaintiff's possession, however, was not destroyed because other persons occasionally may have passed over or made a sporadic use of the lots in question. To constitute exclusive possession for purposes of establishing title to real property by adverse possession, the claimant's possession need not be absolutely exclusive; rather, it need only be the type of possession which

would characterize an owner's use. *Glenn v. Shuey, supra.* We find that plaintiff's possession of the subject lots as hereinbefore described is consistent with the type of possession which would characterize an owner's use. We, therefore, reject defendant's argument that plaintiff's possession of the subject lots was not exclusive.

Defendant also argued that plaintiff's use of the property was not visible and notorious. Specifically, defendant argued that plaintiff did nothing to assert an open and notorious use of the subject lots. Again, we do not agree. The words "visible and notorious possession" mean that the claim of ownership by an adverse possessor is evidenced by conduct sufficient to place a reasonable person on notice that his or her land is being held by the claimant as his or her own. *Watkins, supra.* Here, the testimony leaves no question that plaintiff's possession and use of the lots were of a visible and notorious nature. We find that plaintiff's use of the lots, as described hereinbefore, was more than sufficient to place a reasonable person on notice that the lots were being held by plaintiff as her own.

Defendant finally argued that plaintiff's use of the property was not hostile to the extent that he and others made use of the same. The word "hostile" in adverse possession proceedings is one of art and does not mean ill will or hostility, but simply implies an assertion of ownership rights which are adverse to those of the true owner and all others. *Brennan v. Manchester Crossings Inc.,* 708 A.2d 815 (Pa. Super. 1998), *allocatur denied,* 556 Pa. 683, 727 A.2d 1115 (1998). Further, if all elements of adverse possession are established, the element of hostility is implied. Here, we find that plaintiff, through her actions and use of the subject lots, has sufficiently

asserted ownership rights adverse to all others. We also find that plaintiff has established all other elements of adverse possession. The element of hostility is, therefore, implied. We, accordingly, reject and find no merit in defendant's argument as to the element of hostility.

Finally, we note that upon view by this court, the lots appear to be a natural continuation of plaintiff's yard. The lots and plaintiff's undisputed property surrounding her residence appear to be maintained in the same fashion. Additionally, plaintiff resides in the last house on her street. There is no direct street access to the lots. Observation reveals that they may be accessed either by traveling over plaintiff's undisputed property or from the street below. However, to access the lots from the street below, you must walk up a hillside through wooded land.

Therefore, for all of the reasons discussed herein, this court will, without further deliberation, enter an order in favor of plaintiff on her action to quiet title based on her claim of adverse possession.

## ORDER

And now, June 12, 2002, following a non-jury trial on plaintiff's action to quiet title based on a claim of adverse possession, it is hereby ordered, adjudged, and decreed that judgment is hereby entered in favor of plaintiff and that she is the fee simple owner of lots 27 and 28 in the Jacobs addition plan of lots as found of record in the office of the recorder of deeds of Fayette County, Pennsylvania, in plan book 1 at page 201. It is further ordered, adjudged, and decreed that defendant Spade E. Van Divner, his heirs, successors, and assigns, are hereby forever barred from asserting any right, claim, title, or interest to lots 27 and 28.