J-A30021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WACHOVIA MORTGAGE CORPORATION, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GARY M. BARBERA AND LINDA BARBERA, | |
| Appellants | No. 3623 EDA 2015 |

Appeal from the Judgment Entered October 21, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2009-44350

BEFORE:  BOWES, OLSON and STABILE, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 31, 2017**

Gary M. Barbera and Linda Barbera (collectively "Appellants") appeal from the judgment entered on October 21, 2015.  We affirm.

The factual background and procedural history of this case are as follows.  On June 30, 2006, Appellants executed a mortgage ("the first mortgage") in favor of Wachovia Mortgage Corporation ("Wachovia Mortgage").  That same day, Appellants executed a promissory note in which they agreed to pay $13,150.46 per month to repay the loan secured by the first mortgage.  In addition to the first mortgage issued by Wachovia Mortgage, Appellants secured a second mortgage with Wachovia Bank, N.A.

In conjunction with the second mortgage, Appellants also executed a promissory note.

On October 18, 2009, Wells Fargo Home Mortgage, the servicer for the first mortgage, sent separate notices pursuant to 35 P.S. § 1680.401c *et seq.* ("Act 91")[1] to Gary M. Barbera and Linda Barbera. On December 23, 2009, Wachovia Mortgage instituted the instant mortgage foreclosure proceeding. Thereafter, Wachovia Mortgage filed an amended complaint.

On March 29, 2010, Appellants filed preliminary objections which the trial court overruled on July 19, 2010. On November 23, 2011, Appellants filed a joint Chapter 7 bankruptcy petition. That filing acted as an automatic stay with respect to the instant mortgage foreclosure action. **See** 11 U.S.C. § 362(a). On January 23, 2012, the United States Bankruptcy Court for the Eastern District of Pennsylvania lifted the automatic stay as to this proceeding. **In re Barbera**, 11bk18993 (Bankr. E.D. Pa. Jan. 23, 2012). On March 15, 2012, Wells Fargo Bank, N.A. ("Wells Fargo") was substituted as the successor in interest to Wachovia Mortgage.

On April 3, 2015, the trial court presided over a bench trial. On July 20, 2015, the trial court entered findings of fact and conclusions of law.

---

[1] "The purpose of an Act 91 notice is to instruct the mortgagor of different means he may use to resolve his arrearages in order to avoid foreclosure on his property and also gives him a timetable in which such means must be accomplished." **Wells Fargo Bank N.A. v. Spivak**, 104 A.3d 7, 15 (Pa. Super. 2014) (citation omitted). The requirements for an Act 91 notice are set forth in detail at 12 Pa. Code § 31.203.

Contemporaneously therewith, the trial court entered its decision in favor of Wells Fargo and against Appellants. On July 31, 2015, Appellants filed an untimely post-trial motion. On October 20, 2015, the trial court denied the post-trial motion.[2] On October 21, 2015, the trial court entered an *in rem* judgment in favor of Wells Fargo and against Appellants in the amount of $3,097,308.60. This timely appeal followed.[3]

Appellants present one issue for our review:

Did the trial court err by failing to dismiss the complaint when [Appellants] were never served with a proper and effective [Act 91 notice]?

Appellants' Brief at 4.

_____

[2] Appellants' post-trial motion was due on or before July 30, 2016. **See** Pa.R.C.P. 227.1(c)(2). Nonetheless, Wells Fargo did not object to the untimely filing of Appellants' post-trial motion. **See generally** Wells Fargo's Brief in Opposition to Appellants' Post-Trial Motion, 8/9/15. As the post-trial motion was filed while the trial court still had jurisdiction over the matter, Wells Fargo did not object to the timeliness of the motion, and the trial court decided the motion on the merits, we must ignore the untimeliness of the post-trial motion. **See Watkins v. Watkins**, 775 A.2d 841, 845 n.1 (Pa. Super. 2001) (citation omitted) ("Whenever a party files post-trial motions at a time when the court has jurisdiction over the matter but outside the ten-day requirement of [Pennsylvania Rule of Civil Procedure] 227.1, the trial court's decision to consider the motions should not be subject to review unless the opposing party objects.").

[3] On November 17, 2015, the trial court ordered Appellants to file a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). On December 3, 2015, Appellants filed their concise statement. On January 11, 2016, the trial court issued its Rule 1925(a) opinion. Appellants included their lone issue raised on appeal in their concise statement.

Appellants' lone issue raises a mixed question of fact and law. "[W]e review the [trial] court's legal conclusions *de novo* and the scope of our review is plenary." *In re Estate of Rood*, 121 A.3d 1104, 1106 (Pa. Super. 2015). We will not disturb the trial court's factual findings if they are supported by the record. *See Lomas v. Kravitz*, 130 A.3d 107, 128 (Pa. Super. 2015) (*en banc*), *appeal granted on other grounds*, 147 A.3d 517 (Pa. 2016).

Appellants argue that the Act 91 notices were defective in the following manner: (1) they were sent by Wells Fargo Home Mortgage, the mortgage servicer, instead of Wachovia Mortgage, the lender; (2) they did not include the assignment of the mortgage; and (3) they did not list Wachovia Mortgage as the original lender. Appellants' argument that a mortgage servicer cannot send an Act 91 notice is without merit.[4] The relevant provisions of Act 91 state that a person other than the lender, *e.g.*,

---

[4] Appellants also argue that, in addition to Act 91, the terms of their mortgage documents required Wachovia Mortgage to send the Act 91 notices. This argument too is without merit. The general rule is that "[a] notification given by an agent is effective as notification given by the principal if the agent has actual or apparent authority to give the notification[.]" Restatement (Third) of Agency § 5.02(2). In this case, Wells Fargo Home Mortgage had actual or apparent authority to send the Act 91 notices. The mortgage documents did not state that only Wachovia Mortgage could send the Act 91 notices. Thus, the general rule applies in this case and Wachovia Mortgage's agent (Wells Fargo Home Mortgage) could send the Act 91 notices on Wachovia Mortgage's behalf.

the mortgage servicer, can send the Act 91 notice. Specifically, those provisions provide that:

> **The mortgagee or other person sending the notice** to the mortgagor shall simultaneously send a copy of each notice issued to the agency by regular mail, facsimile, electronic mail or another means of electronic transfer in accordance with agency guidelines. In lieu of sending a copy of each notice, **the mortgagee or other person charged with sending the notice** may provide the agency, within thirty (30) days of the end of each calendar quarter, a report listing the notices sent during the prior calendar quarter arranged by property address including zip code.

35 P.S. § 1680.403c(b)(1) (emphasis added). Thus, although in other portions of section 1680.403c the term "mortgagee" is used when referencing who must send an Act 91 notice, it is obvious that the term "mortgagee" in this section encompasses "[an]other person sending the notice[.]" 35 P.S. § 1680.403c(b)(1). Therefore, we conclude that the servicer (Wells Fargo Home Mortgage) was permitted to send the Act 91 notices to Appellants. *See CitiMortgage, Inc. v. Smiler*, 32 Pa.D.&C.5th 561, 566-567 (C.C.P. Chester 2013); *GMAC Mortg. v. Smith*, 2012 Phila. Ct. Com. Pl. LEXIS 278, *13-15 (Aug. 24, 2012).

Appellants' argument that the Act 91 notices were defective because of the failure to include the mortgage assignment is also without merit. The assignment in this case was executed after the mortgage foreclosure complaint was filed. Thus, there was no assignment to be included with the Act 91 notices. Furthermore, neither Act 91 nor the relevant regulations require that an assignment be included with an Act 91 notice.

We agree with Appellants, however, that the Act 91 notices sent by Wells Fargo Home Mortgage were defective for failure to list Wachovia Mortgage as the original lender.[5]  In 2009, the Act 91 notice that was required by 12 Pa. Code § 31.203(a) included a section where the original lender was to be listed.  **See** 12 Pa. Code Part I, Subpt. D, Ch. 31, Appendix A (2009).  The Act 91 notices sent by Wells Fargo Home Mortgage did not list Wachovia Mortgage as the original lender.

Although the Act 91 notices received by Appellants were defective, Pennsylvania law requires a showing of prejudice in order for Appellants to be entitled to relief.  Specifically,

> If there has been a failure to comply with the notice requirements of [Act 91], and such failure has been properly raised in a legal action, including an action in foreclosure . . . , the court may dismiss the action without prejudice, order the service of a corrected notice during the action, impose a stay on any action or impose other appropriate remedies in the action to address the interests, if any, of the mortgagor **who has been prejudiced thereby.**

35 P.S. § 1681.5(1) (emphasis added); **see Wells Fargo Bank, N.A. ex rel. Certificate Holders of Asset Backed Pass-through Certificates Series 2004-MCWI v. Monroe**, 966 A.2d 1140, 1143–1144 (Pa. Super.

---

[5] For purposes of our analysis, we assume *arguendo* that Wachovia Mortgage was required to send Appellants Act 91 notices.  We note, however, that Wells Fargo argues that its predecessor was not required to send Appellants Act 91 notices because the amount due under the mortgage was greater than $60,000.00 at the time the mortgage complaint was filed.  **See** 35 P.S. § 1680.403c(f)(2).

2009) (In order to be entitled to relief because of defective Act 91 notices, the mortgagor must show actual prejudice). In this case, the trial court found that Appellants failed to show prejudice resulting from the defective Act 91 notices. *See* Trial Court Opinion, 1/11/16, at 6-7. We conclude that this factual finding is supported by the record.

Appellants argue that they were prejudiced because they "were not able to pursue their options under [Act 91], which is the very purpose of the Act 91 [n]otices." Appellants' Brief at 15. Appellants fail to cite to any portion of the record that supports this argument. Thus, it is waived. *See* Pa.R.A.P. 2119(a). Moreover, even if it were preserved, our review of the record reveals that Appellants' claim of prejudice is wholly without merit.

The Act 91 notices fully explained how Appellants could apply for assistance under Act 91. *E.g.* Act 91 Notices, 10/18/09, at 1 (certain capitalization, bolding, and underlining omitted) ("To see if [Act 91] can help, you must meet with a consumer credit counselling agency within 33 days of the date of this notice."); *id.* at 2 ("Your mortgage is in default for the reasons set forth later in this [n]otice (see following pages for specific information about the nature of your default). You have the right to apply for financial assistance from the Homeowner's Emergency Mortgage Assistance Program. To do so, you must fill out, sign and file a completed Homeowners' Emergency Assistance Program Application with one of the designated consumer credit counseling agencies listed at the end of this

- 7 -

Notice."); ***id.*** (certain capitalization, bolding, and underlining omitted) ("[Y]ou must arrange and attend a 'face-to-face' meeting with one of the consumer credit counseling agencies listed at the end of this [n]otice. This meeting must occur within [33] days of the date of this notice."). The fact that the original lender was not listed on the Act 91 notices in no way hindered Appellants from contacting a consumer credit counseling agency as directed by the Act 91 notices. Thus, Appellants' only claim of prejudice, that they were unable to pursue assistance under Act 91, is without merit. Accordingly, we affirm the judgment entered in favor of Wells Fargo and against Appellants.

Application to Lodge a Form of the Act 91 Notice along with Related Materials, Application to Lodge Recent and Relevant Federal Agency Findings Against Appellee, and Application to File Supplemental Brief granted. Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/2017