D.L. FORREY & ASSOCIATES,
INC., Appellee

v.

FUEL CITY TRUCK STOP,
INC., Appellant.

Superior Court of Pennsylvania.

Submitted May 6, 2013.
Filed June 11, 2013.

Ronald L. Finck, Harrisburg, for appellant.

William L. Adler, Harrisburg, for appellee.

BEFORE: PANELLA, ALLEN, and COLVILLE,* JJ.

OPINION BY ALLEN, J.:

Fuel City Truck Stop, Inc., ("Appellant"), appeals from the trial court's order denying Appellant's motion for leave to file post-trial motions *nunc pro tunc*. We affirm, and deny as moot the motion of D.L. Forrey & Associates, Inc.'s ("D.L.") to quash this appeal.

We glean the following procedural history and facts from our review of the record. On January 28, 2009, D.L. initiated a breach of contract action against Appellant. *See generally* Complaint, 1/28/09. D.L. averred that "[o]n or about November 18, 2005, [Appellant's Vice President], entered into a Listing Contract Exclusive Right to Sell Commercial Property ... with [D.L.] to market for sale [Appellant's] real property located [in] ... Perry County, Pennsylvania[.]" *Id.* at 1. The listing contract provided a list price of $2,100,000 for Appellant's property, "or any other price and terms agreeable" to Appellant, along with an 8% broker's fee, payable to D.L., of the "gross sales price at closing." *Id.* Additionally, paragraph 6 of the listing contract provided that Appellant "will pay Broker's Fee if negotiations that are pending at the Ending Date of [the listing contract] ... result in a sale." *Id.* at 2. D.L. averred that it "procured a ready, willing and able buyer" for Appellant's property "at the list price," which Appellant rejected. *Id.* at 1–2. Appellant "instead sold the property to ... Perry Petroleum Place, Inc., ["Perry"], ... [with whom Appellant] had also been negotiating with during the time period of the Listing Contract." *Id.* at 2. According to D.L.,

Appellant "had pending negotiations with [Perry] ... at the expiration of the Listing Contract." D.L. demanded $168,000 plus interest and costs for Appellant's breach of the listing contract. *Id.*

Appellant filed an answer and new matter on June 2, 2009, to which D.L. replied on June 22, 2009. The trial court conducted a non-jury trial on April 10, 2012. The trial court entered an order "award[ing] judgment against [Appellant] and in favor of [D.L.]" for $144,000. Order, 4/11/12, at 1. At the conclusion of the non-jury trial, the trial court indicated to Appellant, "your attorney can advise you of any appellate right that you would have. You would have 30 days to file—you can actually file any posttrial motions and also 30 days to file an appeal to the Superior Court." N.T., 4/10/12, at 193.

Appellant did not file any post-trial motions. Post-trial motions fall under the purview of Pa.R.C.P. 227.1(c), which provides in pertinent part:

(c) Post-trial motions shall be filed within ten days after

\* \* \*

(2) notice of nonsuit or the filing of the decision in the case of a trial without a jury.

Pa.R.C.P. 227.1(c)(2).

On May 8, 2012, Appellant filed a notice of appeal. On May 14, 2012, D.L. praeciped and secured a final judgment against Appellant. On July 18, 2012, this Court dismissed Appellant's appeal for failing to file post-trial motions. Order, 7/18/12, at 1. On August 1, 2012, Appellant applied for reconsideration of our Court's dismissal of the appeal. On August 7, 2012, we denied Appellant's application for reconsideration, and indicated that the order was "entered without prejudice to appellant's right to

---

\* Retired Senior Judge assigned to the Superior Court.

request leave from the trial court to file post-trial motions *nunc pro tunc*." Order, 8/7/12, at 1.

On August 20, 2012, Appellant sought leave to file post-trial motions *nunc pro tunc*. As summarized by Appellant, "[a]mong other things, the Motion for Leave to File Post–Trial Motions argued that due to the language of the [trial c]ourt's April 10, 2012 Order, [Appellant's] trial counsel reasonably concluded that he was required to file an immediate appeal from the Order rather than file post-trial motions in order to preserve [Appellant's] right to appeal the decision." Appellant's Brief at 7. The trial court heard oral arguments on Appellant's motion on September 29, 2012, and issued an order denying *nunc pro tunc* relief on October 1, 2012. On October 23, 2012, Appellant filed a timely notice of appeal. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Did the trial court misapprehend its equitable powers when it denied the Appellant's Motion For Leave to File Post–Trial Motions, *Nunc Pro Tunc?*

2. Under the circumstances of this case, did the trial court abuse its discretion in denying the Appellant's Motion for Leave to File Post–Trial Motions, *Nunc Pro Tunc?*

Appellant's Brief at 4.

■■■ The trial court's interpretation of Pa.R.C.P. 227.1 is a question of law, such that our standard of review is *de novo* and our scope of review is plenary. *Zappala v. Brandolini Prop. Mgmt.,* 589 Pa. 516, 909 A.2d 1272, 1280 (2006). We review the trial court's denial of Appellant's motion for leave to file post-trial motions *nunc pro tunc* under an abuse of discretion standard. *Lenhart v. Cigna Companies, Inc.,*

824 A.2d 1193, 1195 (Pa.Super.2003) (internal citation omitted).

■■■ In his first issue, Appellant challenges the trial court's "misapprehension of its equitable powers when a request for leave to file untimely post-trial motions is made," and the trial court's "erroneous conclusion that trial courts can only grant *nunc pro tunc* relief in regards to post-trial motions when there are 'extraordinary circumstances' beyond [Appellant's] control." Appellant's Brief at 9.

Here, while the trial court may have been inclined to grant Appellant's motion, the record reflects that the trial court understood its power to grant relief, but denied Appellant's motion after considering the record and applicable law.

Following oral arguments, the trial court explained:

Okay. Just a couple of things I want to look at. As far as the transcript, I mean, that paragraph that you're talking about which starts out confusing because I say, okay. And, ma'am, your attorney can advise you of any appeal rights that you would have. You would have 30 days to file ... you can actually file any post trial [sic] motions and also 30 days to file an appeal to the Superior Court.

I think it makes it clear that [Appellant] [has] the right to file post trial [sic] motions. And if it was a final order at that point, they wouldn't—the post trial [sic] motions part would have been moot.

The equitable side of me, quite frankly, wants to grant [Appellant] relief just for the sake of having cases decided on the merits instead on technicalities. But as a matter of law, I don't think I can do that today. **I think the law is clear on this. I think the prior case law was clear ... It was just a failure [by**

Appellant] to file [post-trial motions]. I don't think this was overly confusing.

Could some things have been worded better? Possibly. But overall, I don't think it was overly confusing. It was just a failure [by Appellant] to file [post-trial motions]. [ ]

**However, as I think the case law is clear on this issue, I think from reviewing the transcript and the record in this case, post trial [sic] motions obviously were not filed, and there is not a legal reason to allow them to be filed nunc pro tunc.**

N.T., 9/29/12, at 9–10 (emphasis supplied).

Appellant acknowledges that (1) "Pa. R.C.P. 227.1 requires post-trial motions to be filed within ten days after the filing of the decision in the case of a trial without jury[;] [ (2) ] [o]bjections not raised in a post-trial motion are waived on appeal[;] [and] [ (3) ] [t]he purpose of this rule is 'to provide the trial court the first opportunity to review and reconsider its earlier rulings and correct its own error.'" Appellant's Brief at 11 (internal citations omitted).

The record shows that Appellant never filed post-trial motions. Thus, we find that Appellant's objections are waived according to a plain reading of Pa.R.C.P. 227.1. *Sahutsky v. H.H. Knoebel Sons, t/a Knoebel's Grove*, 566 Pa. 593, 782 A.2d 996, 998 (2001) *citing* Pa.R.C.P. 127 ("When the words of a rule [of civil procedure] are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.").

The plaintiffs in *Sahutsky* brought a personal injury action that remained idle for approximately 3 years, and which the trial court dismissed with prejudice in response to defendant's motion for a judgment of *non pros*. *Sahutsky*, 782 A.2d at 997. The plaintiffs sought immediate appeal to our Court in lieu of filing a Pa. R.C.P. 3051 petition to open a judgment of

*non pros* "which serves the same function as a post-trial motion." *Id.* at 997, 1000. Our Court disregarded the waiver occasioned by the plaintiffs' failure to file a Rule 3051 petition to open, and reached the merits of plaintiffs' claims. *Id.* at 997. Our Pennsylvania Supreme Court reversed, finding the appellant-defendant's "arguments convincing" that the plaintiffs' "failure to file a Rule 3051 petition operates as a waiver of any claims of error concerning the judgment of *non pros*." *Id.* at 1000.

The Pennsylvania Supreme Court in *Sahutsky* determined that "issues not raised in post-trial motions are waived," and reiterated:

the filing of post-trial motions ... ensure[s] that that the trial judge has a chance to correct alleged trial errors. This opportunity to correct alleged errors ... advances the orderly and efficient use of our judicial resources. First, appellate courts will not be required to expend time and energy reviewing points on which no trial ruling has been made. Second, the trial court may promptly correct the asserted error. With the issue properly presented, the trial court is more likely to reach a satisfactory result, thus obviating the need for appellate review on this issue. Or if a new trial is necessary, it may be granted by the trial court without subjecting both the litigants and the courts to the expense and delay inherent in appellate review. Third, appellate courts will be free to more expeditiously dispose of the issues properly preserved for appeal....

*Id. citing Benson v. Penn Central Transp. Co.*, 463 Pa. 37, 342 A.2d 393, 394 (1975) (internal citations omitted). The foregoing rationale for requiring post-trial motions to preserve appellate review has continued

vitality in our jurisprudence, and supports our affirmance in this case of the trial court's denial of Appellant's motion for leave to file post-trial motions *nunc pro tunc.*

■ Appellant correctly asserts:

Pennsylvania courts have consistently held that trial court judges have wide latitude in considering whether to address the merits of post-trial motions that are filed outside the 10–day period required by Rule 227.1. *See e.g. Kurtas v. Kurtas* [521 Pa. 105], 555 A.2d 804, 806 (Pa.1989) (holding that trial courts have the discretion to entertain untimely motions for post-trial relief because the 10–day time period under Rule 227.1 is not a jurisdictional requirement, but merely a procedural rule); [ ] So long as the court has jurisdiction, it can exercise its equitable powers to hear untimely post-trial motions. *Millard v. Nagle* [402 Pa.Super. 376], 587 A.2d 10, 12 (Pa.Super.1991) *affirmed* [533 Pa. 410], 625 A.2d 641 (Pa.1993).

Appellant's Brief at 11 (internal citations omitted). However, in the cases cited by Appellant, the appellants *filed* post-trial motions, albeit untimely, prior to seeking appellate review. Here, Appellant never sought post-trial relief before filing its notice of appeal. Therefore, Appellant's reliance on its cited authorities is misplaced. Indeed, the Pennsylvania Supreme Court in *Sahutsky* emphasized that "this Court had not excused non-compliance with its Rules [of Civil Procedure] when the parties have made no attempt at conformity," and explained:

exceptions [for a party's non-compliance with the rules of civil procedure] ... have been made in certain limited circumstances-specifically where the appellant raises the issue post-trial in a procedurally defective matter and the trial court chooses to overlook the defect and

address the issue on its merit ... However, this case presents no such circumstances. *Here, the issue was not raised at all at the post-trial stage, not even in a procedurally flawed manner.*

*Sahutsky,* 782 A.2d at 1001 *citing Commonwealth v. Metz,* 534 Pa. 341, 633 A.2d 125, 127 (1993) (emphasis in original). In reaching its determination of waiver, the Supreme Court in *Sahutsky* noted that the plaintiffs-appellees "failed to file even a procedurally flawed Rule 3051 petition in [the trial court] ... as required ... [and] failed to preserve the issues raised therein ... therefore, the claims are waived." *Sahutsky,* 782 A.2d at 1001. As in *Sahutsky* and *Metz,* Appellant in this case did not file any post-trial motions, *procedurally flawed* or otherwise. Accordingly, Appellant's claims of error are waived. *Behar v. Frazier,* 724 A.2d 943, 945 (Pa.Super.1999) (noting that "where the trial court has no post-trial motion to consider as in *Lane* [*Enterprises Inc. v. L.B. Foster Company,* 551 Pa. 306, 710 A.2d 54 (1998)], the parties have not presented the trial court with issues to deal with in an opinion and waiver occurs").

■ Appellant correctly cites *Watkins v. Watkins,* 775 A.2d 841, 845 (Pa.Super.2001), for the proposition that "[w]henever a party **files** post-trial motions at a time when the [trial] court **has jurisdiction** over the matter but outside the 10–day statutory requirement ... the trial court must consider the fault of the party filing late and the prejudice to the opposing party." Appellant's Brief at 12 (emphasis supplied). However, the standard of review set forth in *Watkins* is inapplicable to Appellant's circumstances. Appellant did not file any post-trial motions prior to filing its notice of appeal invoking the jurisdiction of our Court, and effectively terminating the trial court's jurisdiction in this case. *See* Pa.R.A.P. 1701(a) ("[A]f-

ter an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter."). Therefore, we may not apply the standard of review espoused in *Watkins*. Instead, we agree with the trial court's application of the extraordinary circumstances standard. Specifically, the trial court explained that "[a] court may grant an appeal nunc pro tunc when a party shows that he/she was unable to file the appropriate motion due to some 'extraordinary circumstances involving fraud or some breakdown in the court's operation through a default of its officers.'" Trial Court Opinion, 12/31/12, at 2 (internal citation omitted).

We applied this standard in *Lenhart v. Cigna Companies, Inc.*, 824 A.2d 1193, 1196 (Pa.Super.2003), which has a fact pattern strikingly similar to this case. In *Lenhart*, we explained:

> [Appellant] argues that following the entry of judgment, it appealed to this Court rather than filing post-trial motions because it believed that it could potentially waive any right to appeal if no appeal was filed. [ ] Following the quashal of the appeal and denial of [Appellant's] motion for reconsideration, [Appellant] filed a motion in the trial court for permission to file a post-trial motion *nunc pro tunc* and explained to the trial judge that the reason for failing to file a post-trial motion was its belief that it was required to file an immediate appeal to the grant of judgment in favor of Lenhart. [ ] [Appellant] contends that the trial court abused its discretion in denying its motion for permission to file a post-trial motion *nunc pro tunc*. [ ] We do not agree.

> *       *       *

> [Appellant] was on notice, at the time of the decision of the trial court after the

non-jury trial, that regardless of what terms were used by the trial court in its decision, it was required to file posttrial motions in order to preserve any issues for appellate review. In *Lane Enterprises, Inc. v. L.B. Foster Co.*, 700 A.2d 465 (Pa.Super.1997), this Court reviewed appellant's issues where appellant did not file post-trial motions, but instead, assuming the trial court's opinion was a final order, filed a notice of appeal. The Pennsylvania Supreme Court reversed the order of this Court, stating that "Pa.R.Civ.P. 227.1 requires parties to file post-trial motions in order to preserve issues for appeal." *Lane Enterprises, Inc. v. L.B. Foster Co.*, 551 Pa. 306, 710 A.2d 54, 54 (1998).

> *       *       *

> In light of ... *Lane* (1998), which [was] on the books for ... three years ... before the trial court issued its decision in this non-jury trial, there is no excuse for [Appellant's] failure to file post-trial motions as required by our procedural rules. **The grant of *nunc pro tunc* relief is not designed to provide relief to parties whose counsel has not followed proper procedure in preserving appellate rights.** There was, therefore, no abuse of discretion by the trial court in its denial of [appellant's] motion for permission to file a post-trial motion *nunc pro tunc*.

*Lenhart*, 824 A.2d at 1195, 1197–1198 (internal footnote omitted) (emphasis supplied). Likewise, in this case, we do not find that the trial court abused its discretion in denying Appellant relief based on the lack of extraordinary circumstances to excuse Appellant's failure to file post-trial motions.

Moreover, Appellant "acknowledges" that our Court has "appl[ied] the 'extraordinary circumstances' standard to requests

to file post-trial motions *nunc pro tunc.*" Appellant's Brief at 14 *citing inter alia Lenhart v. Cigna Companies,* 824 A.2d 1193, 1198 (Pa.Super.2003). While Appellant maintains that "to the extent the trial court relied on *Lenhart,* such reliance was in error," we disagree. *See Id.* The similarities between the fact patterns in *Lenhart* and this case belie Appellant's contention.

■ In his second issue, Appellant alternatively argues that "even if the trial court understood that it had the capacity to exercise its equitable powers in this instance, the trial court abused its discretion by not considering the reasonableness of [Appellant's] trial counsel's actions, his diligence in attempting to move the case along, the lack of prejudice to [D.L.] if relief would have been granted, and the purpose of the Rules of Procedure being justice and fairness to litigants rather than strict compliance with procedural rules." *Id.* at 10.

Appellant maintains that the trial court's order "award[ing] judgment against [Appellant] and in favor of [D.L.] ..." reasonably confused Appellant's counsel into believing that the trial court's award of a judgment to D.L. constituted the entry of a judgment and final order requiring Appellant to file an immediate appeal to our Court to avoid "the forfeiture of his client's appellate rights due to the expiration of the appeal period." Order, 4/11/12, at 1; *see also* Appellant's Brief at 17–18. However, as discussed above, the trial court specifically stated that its language was not "overly confusing." N.T., 9/29/12, at 9–10. Moreover, as expressed during oral arguments:

D.L.'S COUNSEL: The award that [the trial court] granted in this case said [the trial court] *award[ed]* judgment. It didn't say [the trial court] *entered* judgment ...

TRIAL COURT: "And I don't believe the prothonotary, by just looking at the document, entered judgment based upon that order either."

D.L.'S COUNSEL: They did not. Not until I filed the praecipe in May did [the prothonotary] enter judgment.

*Id.* at 6 (emphasis supplied).

■ Further, Appellant did not seek post-trial relief until August 2012, four months after the trial court awarded judgment in D.L.'s favor. This delay militates against a finding that Appellant acted with due diligence. *See Bass v. Commonwealth of Pennsylvania,* 485 Pa. 256, 401 A.2d 1133, 1135 (1979) ("Without doubt the passage of any but the briefest period of time during which an appeal is not timely filed would make it most difficult to arrive at a conclusion that the failure to file was non-negligent."). Appellant emphasizes the hardship Appellant faces if we deny relief, while minimizing the prejudice, and resulting inequity, D.L. faces if we forego the rules of appellate procedure and prior precedent, and remand this case for further proceedings. Similar to Appellant's argument in this case, the *Sahutsky* plaintiffs-appellees argued that a finding of waiver of their claims "would be a harsh consequence." *Sahutsky,* 782 A.2d at 1000. Nonetheless, the Supreme Court in *Sahutsky* determined, "We cannot simply ignore the language of the Rule [of civil procedure], and the occasion for its existence, in favor of equities that appellees would prefer we balance. [ ] Furthermore, ... the rule serves a salutary, essential purpose." *Id.* at 1000. We adopt the same rationale.

In conclusion, we affirm the trial court's application of the extraordinary circumstances standard in this case, as we previously did in *Lenhart,* and affirm the trial court's denial of Appellant's motion for

leave to file post-trial motions *nunc pro tunc.*

Order affirmed. Motion to quash denied.