J. S55029/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

THE BANK OF NEW YORK MELLON F/K/A  :   IN THE SUPERIOR COURT OF
THE BANK OF NEW YORK, AS TRUSTEE  :      PENNSYLVANIA
                         :
         Appellee        :
                         :
           v.          :
                         :
MARK D. MAZZA AND LISA A. MAZZA,  :
                         :
        Appellants   :   No. 2770 EDA 2015

Appeal from the Order August 12, 2015
In the Court of Common Pleas of Chester County
Civil Division at No.: 2012-05926-RC

BEFORE: LAZARUS, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:        **FILED SEPTEMBER 09, 2016**

Appellants, Mark D. Mazza and Lisa A. Mazza, appeal from the Order entered in the Chester County Court of Common Pleas denying Appellants' untimely "Post-Trial Motion or, alternatively, Motion for leave to file Post-Trial Motion out-of-time, *nun[c] pro tunc*" in this mortgage foreclosure action. We affirm.

The relevant facts and procedural history of this appeal are as follows. On June 12, 2012, Appellee The Bank of New York Mellon filed a Complaint in mortgage foreclosure against Appellants Mark and Lisa Mazza after they failed to make monthly mortgage payments starting in June 2010.

---

[*] Former Justice specially assigned to the Superior Court.

Appellants filed an Answer to the Complaint admitting that they were mortgagors and the real owners of the property at issue. **See** Answer and New Matter of Defendants to Complaint of Plaintiff, filed 7/21/14, at 1.

On January 23, 2015, following a one-day bench trial on January 12, 2015, the trial court issued a verdict in favor of Appellee in the amount of $1,085,500 by filing an Opinion and Order pursuant to Pa.R.C.P. No. 1038. On February 2, 2015, Appellee timely filed a Post-Trial Motion to address an error in the verdict amount. On February 23, 2015, Appellants filed: (1) a response to Appellee's Post-Trial Motion; (2) a Notice of Appeal, and (3) a "Post-Trial Motion or, alternatively, Motion for leave to file Post-Trial Motion out-of-time, *nun[c] pro tunc*." Appellants withdrew the appeal as premature.

The trial court granted Appellee's Post-Trial Motion on March 25, 2015, and amended the verdict amount to $1,501,572. On July 17, 2015, the trial court denied Appellants' "Post-Trial Motion or, alternatively, Motion for leave to file Post-Trial Motion out-of-time, *nun[c] pro tunc*." The trial court entered judgment on August 12, 2015, after Appellee filed a *praecipe*. On September 3, 2015, Appellants filed a Notice of Appeal from the July 17, 2015 Order.[1]

---

[1] Appellants failed to appeal within 30 days of the July 17, 2015 Order, but they did file this appeal within 30 days of entry of judgment. Accordingly, we will not quash this appeal as untimely because "a notice of appeal filed from the entry of judgment will be viewed as drawing into question any prior

Appellants present the following issue for our review:

Did the trial court commit an abuse of discretion when it dismissed as untimely Mazza's Motion for Leave to File a Post-Trial Motion out-of-time, *nunc pro tunc*?

Appellants' Brief at 9.

The decision to allow the filing of Post-Trial Motions *nunc pro tunc* is vested in the discretion of the trial court. **Lenhart v. Cigna Companies**, 824 A.2d 1193, 1195 (Pa. Super. 2003). A court may grant permission to file a Post-Trial Motion *nunc pro tunc* when a party shows she was unable to file the motion due to extraordinary circumstances involving fraud or a breakdown in the court's operation. **D.L. Forrey & Associates, Inc. v. Fuel City Truck Stop, Inc.**, 71 A.3d 915, 920 (Pa. Super. 2013).

Pennsylvania Rule of Civil Procedure 227.1 provides that post-trial motions must be filed within 10 days after the verdict. Following a trial, an appellant must file timely Post-Trial Motions to preserve issues for appellate review; issues not raised in Post-Trial Motions are waived. **Lenhart**, **supra** at 1196. The purpose of this rule is "to provide the trial court the first opportunity to review and reconsider its earlier rulings and correct its own error." **Chalkey v. Roush**, 757 A.2d 972, 975 (Pa. Super. 2000) (*en banc*) (quoting **Soderberg v. Weisel**, 687 A.2d 839, 845 (Pa. Super. 1997)). The grant of *nunc pro tunc* relief is not designed to provide relief to parties who

non-final orders" entered before final judgment. **K.H. v. J.R.**, 826 A.2d 863, 871 (Pa. 2003) (citation omitted).

have failed to follow proper procedure in preserving appellate rights. **Lenhart, supra** at 1197-98 (holding court did not abuse its discretion when it denied defendant's Motion for permission to file Post-Trial Motion *nunc pro tunc*).

Here, Appellants aver that because trial counsel had abandoned them by the time the trial court served its verdict on trial counsel, service was defective. Appellants' Brief at 15. Appellants cite Pa.R.A.P. 105(a), stating that it "specifically directs a liberal construction of the Rules for ' …other good cause shown.'" Appellants' Brief at 15. They further state, without explanation or analysis, that case law "mandates an equitable determination in favor of [Appellants] even upon a claimed jurisdictional error." **Id**. (citing cases).

Appellants' arguments are without merit. First, there is no evidence in the certified record supporting Appellants' averment that service was defective because counsel had abandoned them. In fact, the docket indicates that Joseph F. Claffy, Esq., represented Appellants at the time of the service of the verdict, and the record shows that the trial court served copies of its Order and Opinion containing the verdict on "all counsel and unrepresented parties" on January 23, 2015. **See** CCP Docket Entry #42. Accordingly, contrary to Appellants' averment, service was not defective. Pa.R.C.P. No. 440 (entitled "Service of Legal Papers other than Original Process"); **G.A. v. D.L.**, 72 A.3d 264, 269 (Pa. Super. 2013) (stating "where

an individual is represented by an attorney, our rules of civil procedure permit service to be made 'by handing or mailing a copy to or leaving a copy for each party at the address of the party's attorney of record endorsed on an appearance or prior pleading of the party.' Pa.R.C.P. 440.").

Appellants also aver that because of "trial counsel's abandonment …, equity mandates [Appellants'] underlying Motion for Leave to File a Post-Trial Motion Out-of-time, *Nunc Pro Tunc* should have been granted." Appellants' Brief at 15. Although they cite **Fischer v. UPMC Northwest**, 34 A.3d 115 (Pa. Super. 2011) (citing Pa.R.A.P. 108(a)(1)), and **Cardwell v. Chrysler Financial Corp.**, 804 A.2d 18 (Pa. Super. 2002) (citing Pa.R.A.P. 903 and Pa.R.C.P. No. 236), Appellants fail to explain how these cases are relevant to the facts of this case or why they support an "equitable determination in favor of [Appellants] even upon a claimed jurisdictional error." Appellants' Brief at 15. Rather, they again rely on their unsupported averment that trial counsel abandoned them.

Appellants have provided no argument as to how they were "unable to file the motion due to extraordinary circumstances involving fraud or a breakdown in the court's operation." **D.L. Forrey & Associates, Inc. v. Fuel City Truck Stop, Inc.**, **supra** at 920. Accordingly, we conclude the trial court did not abuse its discretion in denying Appellants' request for leave to file Post-Trial Motions *nunc pro tunc*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2016