J-A16003-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| JAMES BRIAN, SR., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EVIE M. SPRINGFIELD, | : | |
| | : | |
| Appellant | : | No. 1145 WDA 2015 |

Appeal from the Judgment Entered July 22, 2015
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): GD 10 023917

BEFORE:    SHOGAN, OLSON, and STRASSBURGER,* JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J.:

FILED: September 15, 2016

Because I conclude that the trial court never exercised its discretion in considering Daughter's petition for leave to file post-trial motions *nunc pro tunc*, I would vacate the judgment and remand to the trial court to consider Daughter's motion.

Daughter filed a petition for leave to file post-trial motions *nunc pro tunc*.  The trial court denied this motion the next day without offering any rationale as to why it did so.  In its memorandum in lieu of opinion, the trial court stated only that due to the fact Daughter did not file timely post-trial motions, she "has not properly preserved any issues for appeal." Memorandum in Lieu of Opinion, 7/13/2015.

_____

*Retired Senior Judge assigned to the Superior Court.

We review a "motion for leave to file post-trial motions *nunc pro tunc* under an abuse of discretion standard." **D.L. Forrey & Associates, Inc. v. Fuel City Truck Stop, Inc.**, 71 A.3d 915, 918 (Pa. Super. 2013).

Here, Daughter, in her petition for leave to file post-trial motions *nunc pro tunc*, alleges that her trial counsel did not immediately notify her of the non-jury verdict, and as a result, the 10-day period for filing post-trial motions had already run before Daughter received notice of the entry of the verdict.

I fully recognize that the learned Majority is correct in stating that negligence of counsel is not a sufficient basis for the grant of *nunc pro tunc* relief. However, on this record, we do not know whether counsel was negligent or whether he lay comatose in a hospital bed.

Thus, we are unable to review whether the trial court abused its discretion in denying Daughter's motion. Accordingly, I would vacate the judgment entered and the June 25, 2015 order denying her motion, and remand to the trial court to consider Daughter's reasons offered for the late-filed post-trial motion.