J-A21021-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DAVOUD BARAVORDEH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHUNHUA CUI, ANN G. DIPIETRO- | : | No. 330 EDA 2024 |
| RISPO, BING HU, YIPING GUO, JOHN | : | |
| A. WALKER, JEREMY HSU, | : | |
| STEPHANIE JEAN, JAD 603 LP, | : | |
| NANCY C. ARNETT, JOSEPH A. | : | |
| MURPHY, DWAYNE A.E. DOTTIN, | : | |
| STEPHANIA J.J. DOTTIN, XUEDE | : | |
| XIONG, SHUJUAN XIA, MIHCELE L. | : | |
| CLAYBROOK-LUCAS, VERNON E. | : | |
| LUCAS, JR., PAK CHUN YEUNG, | : | |
| JULIANA W.Y. TENG YEUNG, | : | |
| ANDREW F. NAPOLI, PHYLLIS | : | |
| NAPPLOI, CHRISTOPHER HANS | : | |
| DIETZE, MARGARETT LYNNE JONES- | : | |
| DIETZE, VITALIY KOSTYUKOV, AND | : | |
| YELENA KOSTYUKOV | : | |

Appeal from the Judgment Entered February 29, 2024
In the Court of Common Pleas of Delaware County Civil Division at
No(s): CV-2019-010692

BEFORE:  KUNSELMAN, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED NOVEMBER 5, 2024**

Appellant Davoud Baravordeh appeals from the judgment entered in a quiet title action in which Appellant sought declaratory judgment to establish his right to use a private road to access his property.  After careful review, we affirm.

The underlying facts of this matter are well known to the parties. Briefly, Appellant filed an action to quiet title on December 23, 2019, in which he sought to establish his right to use a private road to access his real property in Nether Providence Township, Pennsylvania. On December 4, 2023, the trial court entered an order finding that Appellant owned an easement for a private road running southwest from his property to Penn Valley Road but denying Appellant's request to extend the private road across 601 Beatty Road and 603 Beatty Road. Trial Ct. Order, 12/4/23 at n.1. Appellant did not file a timely post-trial motion.

On December 20, 2023, Appellant filed a notice of appeal.[1] Appellant subsequently filed a motion for leave to file a post-trial motion *nunc pro tunc* on January 2, 2024. Therein, Appellant's counsel stated that she had failed to file a timely post-trial motion because she had contracted COVID-19 on December 8, 2023 and was also out of the office for the holidays. Appellant's *Nunc Pro Tunc* Motion for Post-Trial Relief, 1/2/24, at 1 n.1. On January 17, 2024, the trial court entered an order denying Appellant's motion.

---

[1] On February 20, 2024, this Court entered an order quashing Appellant's initial appeal. **See Baravordeh v. Cui**, 3213 EDA 2023, Order, 2/20/24. This Court's order also noted that but for quashal, Appellant's appeal would have been dismissed due to waiver, as Appellant failed to timely file post-trial motions. **See id.** (citing Pa.R.C.P. 227.1(c)(2)); **see also D.L. Forrey & Assocs., Inc. v. Fuel City Truck Stop, Inc.**, 71 A.3d 915, 919 (Pa. Super. 2013).

After the trial court entered judgment, Appellant subsequently filed a timely notice of appeal.[2]  Although the trial court did not order Appellant to file a Pa.R.A.P. 1925(b) statement, the trial court issued a Rule 1925(a) opinion concluding that Appellant failed to establish extraordinary circumstances warranting the untimely filing of post-trial motions.

On appeal, Appellant raises the following issue for our review:

> Whether the trial court's decision to deny [Appellant's] *nunc pro tunc* post-trial motion, concluding that Appellant's explanation of [counsel's] illness for seeking the relief was inadequate, is manifestly unreasonable under the total circumstances?

Appellant's Brief at 3.

In his sole issue on appeal, Appellant contends that the trial court abused its discretion when it denied Appellant's motion to file a post-trial motion *nunc pro tunc*.  *Id.* at 28.  Specifically, Appellant notes that the trial court provided no explanation as to why it concluded that Appellant's counsel's statement about her illness was inadequate.  *Id.* at 30.  Appellant further argues that the trial court improperly held Appellant's counsel to an elevated burden of proof in pleading why Appellant's motion to file a post-trial motion *nunc pro tunc* should have been granted.  *Id.* at 34-39.

---

[2] We note that Appellant's notice of appeal was filed before judgment had been entered in the instant case.  On February 20, 2024, this Court entered a rule to show cause directing Appellant to praecipe the trial court prothonotary to enter judgment on the decision of the trial court.  **See** Order, 2/20/24 (citing ***Melani v. Northwest Eng'g, Inc.***, 909 A.2d 404, 405 (Pa. Super. 2006) (stating entry of judgment is a prerequisite to this Court's exercise of jurisdiction)).  The trial court prothonotary entered judgment, and on March 8, 2024, this Court discharged its rule to show cause.  **See** Order, 3/8/24.

In reviewing Appellant's claim, we are guided by the following:

"We review the trial court's denial of [an] appellant's motion for leave to file post-trial motions *nunc pro tunc* under an abuse of discretion standard." ***D.L. Forrey & Assocs., Inc. v. Fuel City Truck Stop, Inc.***, 71 A.3d 915, 918 (Pa. Super. 2013) (citing ***Lenhart v. Cigna Cos., Inc.***, 824 A.2d 1193, 1195 (Pa. Super. 2003)).

The trial court is vested with broad discretion to permit a post-trial motion *nunc pro tunc*, and this "Court has consistently refused to entertain appeals from orders or verdicts following non[-]jury trials in actions at law when no post-trial motions have been filed." ***Lenhart***, 824 A.2d at 1195-96 (citations omitted). The trial court may grant *nunc pro tunc* relief: (1) where the appellant demonstrates that a late filing was the result of non-negligent circumstances, that the request for *nunc pro tunc* relief was made shortly after the relevant deadline passed, and that relief would not prejudice the other party; (2) where a breakdown in court operations occurred; or (3) where fraud has been established. ***Vietri ex rel. Vietri v. Delaware*** [***Valley***] ***High Sch.***, 63 A.3d 1281, 1284 (Pa. Super. 2013); ***see also Lenhart***, 824 A.2d at 1196 (explaining that the failure to file a post-trial motion must not stem from counsel's negligence or from a failure to anticipate foreseeable circumstances).

***Carr v. Michuck***, 234 A.3d 797, 802 (Pa. Super. 2020) (some formatting altered, footnote omitted).

Our Supreme Court has explained that attorney illness may constitute a non-negligent circumstance under which a trial court may grant a party's request to file post-trial motions *nunc pro tunc*. ***Bass v. Commonwealth***, 401 A.2d 1133, 1135 (Pa. 1979). In reaching that conclusion, the ***Bass*** Court explained that a "client should not suffer because the attorney, as a result of his illness, was unable to file the appeal" and that *nunc pro tunc* relief is warranted when "[t]here has been a non-negligent failure to file a timely

appeal which was corrected within a very short time, during which any prejudice to the other side of the controversy would necessarily be minimal." *Id.* at 1135-36. However, this Court has stated that "[t]he grant of *nunc pro tunc* relief is not designed to provide relief to parties whose counsel has not followed proper procedure in preserving appellate rights." **Lenhart**, 824 A.2d at 1197-98.

Here, as noted previously, Appellant filed a motion seeking leave to file a post-trial motion *nunc pro tunc* on January 2, 2024, which was nineteen days after the ten-day deadline for filing post-trial motions had expired. The motion stated that "[Appellant's] counsel was out ill after contracting COVID[-19], starting on December 8[, 2023,] and thereafter out of the office for the holidays[.]" Appellant's *Nunc Pro Tunc* Motion for Post-Trial Relief, 1/2/24, at 1 n.1. However, Appellant did not specify when counsel's period of illness ended or when counsel was "out of the office for the holidays." **See id.**

Further, while Appellant's motion is electronically signed by Pamela M. Tobin, Esq., the motion lists both Attorney Tobin and Marc B. Kaplin, Esq., as attorneys for Appellant. **Id.** at 4; **see also** Trial Ct. Docket (listing both Attorney Tobin and Attorney Kaplin as counsel of record for Appellant).

In its Rule 1925(a) opinion, the trial court noted that Appellant's motion for *nunc pro tunc* relief did not specify which of Appellant's attorneys were ill and/or on vacation "and unable to timely comply with the mandates of Pa.R.C.P. 227.1(c)(2)." Trial Ct. Op., 3/14/24, at 2 n.5.

Following our review, we discern no abuse of discretion by the trial court in denying Appellant's request to file post-trial motions *nunc pro tunc*. **See Carr**, 234 A.3d at 802. Although we recognize that attorney illness may constitute a non-negligent circumstance that could justify *nunc pro tunc* relief, that does not necessarily include time that an attorney is "out of the office for the holidays." **See** Appellant's *Nunc Pro Tunc* Motion for Post-Trial Relief, 1/2/24, at 1 n.1. Further, as noted by the trial court, Appellant's motion did not indicate which of Appellant's attorneys was ill and/or on vacation, nor did Appellant state that both attorneys were unable to comply with the timeliness requirements of Pa.R.C.P. 227.1(c)(2). **See** Trial Ct. Op., 3/14/24, at 2 n.5. Finally, we note that Appellant failed to specify when his counsel's period of illness ended and when counsel was "out of the office for the holidays." **See** Appellant's *Nunc Pro Tunc* Motion for Post-Trial Relief, 1/2/24, at 1 n.1.

For these reasons, we cannot conclude that Appellant's counsel has established that the failure to timely file post-trial motions was the result of non-negligent circumstances. **See Carr**, 234 A.3d at 802.[3] Accordingly, we find that based on the certified record before us, the trial court did not abuse

_____

[3] At no point does Appellant allege that his failure to timely file post-trial motions was the result of a breakdown in court operations or fraud. **See** Appellant's *Nunc Pro Tunc* Motion for Post-Trial Relief, 1/2/24.

its discretion when it denied Appellant's motion for leave to file a post-trial motion *nunc pro tunc*.  ***See id.***[4]

Judgment affirmed.  Jurisdiction relinquished.

Judge Beck joins the memorandum.

Judge Kunselman concurs in the result.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/5/2024

_____

[4] In his brief, Appellant referenced an affidavit that Attorney Tobin filed with this Court in the previous appeal at Docket No. 3213 EDA 2023.  Appellant contends that Attorney Tobin detailed the symptoms she experienced relating to COVID-19, including "brain fog."  Appellant's Brief at 36-38.  It is axiomatic that under our Rules of Appellate Procedure, "any document which is not part of the officially certified record is deemed non-existent—a deficiency which cannot be remedied merely by including copies of the missing documents in a brief or in the reproduced record."  ***Ruspi v. Glatz***, 69 A.3d 680, 691 (Pa. Super. 2013).  "The emphasis on the certified record is necessary because, unless the trial court certifies a document as part of the official record, the appellate judiciary has no way of knowing whether that piece of evidence was duly presented to the trial court or whether it was produced for the first time on appeal and improperly inserted into the reproduced record."  ***Id.***  Because the affidavit at issue was not presented to the trial court, we cannot consider it.  ***Id.***