J-A06034-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ALEX KHEIFETZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANA M. DEFILIPPIS AND VICTOR | : | No. 1119 EDA 2024 |
| DEFILIPPIS | : | |

Appeal from the Order Entered July 13, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 211002319

MEMORANDUM PER CURIAM:                    **FILED FEBRUARY 21, 2025**

Appellant, Alex Kheifetz, appeals *pro se* from the July 13, 2023, order entered in the Court of Common Pleas of Philadelphia County, which granted partial judgment on the pleadings in favor of Dana M. Defilippis and Victor Defilippis (collectively "Appellees"). After a careful review, we quash this appeal.

The trial court has set forth the relevant facts and procedural history, in part, as follows:

> [Appellant] filed the instant action on October 28, 2021, by filing an appeal from a September 30, 2021, [Philadelphia] Municipal Court order entering judgment for [Appellees]. Appellant subsequently filed the [*pro se*] Complaint [in the trial court] on March 15, 2022, and served it on [Appellees] by

personal service on the same day.[1] On March 16, 2022, the [trial] court issued an Order relisting the matter for Arbitration. [On July 13, 2022, Appellees filed their answer to Appellant's complaint.] On March 16, 2023, the Arbitrators entered an award in favor of Appellant in the amount of $9,652.50.[2]

On April 14, 2023, Appellant appealed from the Arbitration Award and requested a jury trial. The [trial] court issued a Case Management Order on April 19, 2023, directing that all discovery be completed by July 3, 2023, and that all pre-trial and dispositive motions be filed by August 7, 2023. On May 7, 2023, [Appellees] filed a motion for judgment on the pleadings. [Therein, Appellees averred Appellant pled insufficient facts and/or scandalous matter as to Count 3, all claims of negligent infliction of emotional distress, and all claims against the non-driver, Mrs. Defilippis.] Appellant filed an Election to Limit Monetary Recovery pursuant to Pa.R.C.P. 1311.1 on May 18, 2023. On June 22, 2023, Appellant filed his response to [Appellees'] motion for judgment on the pleadings. [Appellees] filed a sur-reply to Appellant's response on June 29, 2023. On July 6, 2023, Appellant filed a motion to strike [Appellees'] sur-reply.

On July [13], 2023, the [trial] court granted [Appellees'] motion for judgment on the pleadings and issued an order dismissing all claims against [Mrs.] Defilippis, [as well as] striking from the Complaint (a) all claims of recklessness, (b) all claims for negligent infliction of emotional distress, (c) Count 3 [in its

_____

[1] Appellant averred he was injured when a vehicle, driven by Mr. Defilippis, ran over his left foot on November 17, 2018, in the parking lot of Lincoln Financial Field prior to a Temple University football game. In Count 1, Appellant raised claims of negligence for alleged bodily harm, as well as negligent infliction of emotional distress, against Appellees; in Count 2, Appellant raised claims of recklessness against Appellees; and in Count 3, Appellant raised claims averring Appellees were liable for failing to provide Appellant with insurance information and their drivers' licenses at the scene.

[2] Specifically, the arbitrators found Appellant suffered damages in the amount of $17,550.00; however, they also found Appellant was 45% comparatively negligent. Thus, the award was reduced to $9,652.50 and entered against Mr. Defilippis. The arbitrators found no liability as to Mrs. Defilippis.

entirety], and (d) Paragraphs 8, 9, and 14 of Count 2.[3] On August 4, 2023, the [trial] court issued an Order denying Appellant's motion to strike [Appellees'] sur-reply.

On October 2, 2023, Appellant filed a motion for summary judgment and a motion to amend the complaint. On October 27, 2023, the [trial] court issued an Order denying Appellant's motion to amend the complaint. On November 7, 2023, the [trial] court issued an Order denying Appellant's motion for summary judgment. On November 8, 2023, Appellant filed a motion for reconsideration of the [trial] court's Order denying his motion for summary judgment. On November 9, 2023, the [trial] court issued an Order denying Appellant's motion for reconsideration.

A jury trial began on March 19, 2024. On March 20, 2024, the jury returned a verdict in favor of [Appellees] finding [no negligence on the part of Mr. Defilippis]….Appellant did not file post-trial motions.[4] On April 8, 2024, [Appellees] filed a Praecipe to Enter Judgment on the Verdict.

_____

[3] Paragraphs 8, 9, and 14 of Count 2 provide as follows:

8. [Mr. Defilippis] failed to provide the most basic immediate assistance after an accident [as is] reasonably expected.
9. [Appellees] did nothing to assist [Appellant].
                                    ***
14. [Appellees'] actions recklessly avoided there [*sic*] duty of care to a pedestrian injured by there [*sic*] vehicle.

Appellant's Complaint, filed 3/15/22, at 5. ¶¶ 8, 9, 14.

[4] After the trial, several jurors contacted the trial court to report that Appellant had sent them online messages, and they feared for their safety. Judicial staff also informed the trial court that Appellant had contacted them after the trial. Accordingly, on March 25, 2024, after a hearing, the trial court entered an order prohibiting Appellant from contacting the jurors, witnesses, family members of witnesses, Appellees, and judicial staff.

Moreover, the trial court indicated in its Pa.R.A.P. 1925(a) opinion that the court had to warn Appellant about his aggressive and inappropriate behavior prior to trial. Specifically, after jury selection, "Appellant became so loudly belligerent towards judicial staff that he could be heard all the way from Chambers." Trial Court Opinion, filed 6/28/24, at 3 n.14.

Trial Court Opinion, filed 6/28/24, at 2-5 (footnotes omitted) (footnotes added).

Thereafter, on April 18, 2024, Appellant filed three separate appeals to this Court. Specifically, in the instant appeal, which is docketed in this Court at 1119 EDA 2024, Appellant appealed from the trial court's July 13, 2023, pre-trial order granting partial judgment on the pleadings in favor of Appellees. At docket number 1120 EDA 2024, Appellant appealed from the trial court's pre-trial order denying his motion to amend his complaint, his summary judgment motion, and his motion for reconsideration. At docket number 1121 EDA 2024, Appellant appealed from the judgment following the jury's verdict.

This Court dismissed the appeal docketed at 1120 EDA 20204 because Appellant failed to file a brief. Moreover, this Court dismissed the appeal docketed at 1121 EDA 2024, which raised claims related to the jury trial. Specifically, this Court found that Appellant's failure to file a post-trial motion resulted in waiver of the claims related to trial. **_See D.L. Forrey & Assocs., Inc. v. Fuel City Truck Stop, Inc._**, 71 A.3d 915 (Pa.Super. 2013) (reiterating that issues not raised in a post-trial motion are deemed waived).

Consequently, what remains is Appellant's instant appeal from the trial court's pre-trial order, which granted, in part, judgment on the pleadings in favor of Appellees. Specifically, in its order, the trial court dismissed the claims against Mrs. Defilippis, as well as struck the following portions of

- 4 -

Appellant's complaint: (a) all claims of recklessness, (b) all claims for negligent infliction of emotional distress, (c) Count 3 in its entirety, and (d) Paragraphs 8, 9, and 14 of Count 2.

On appeal, Appellant presents the following in his "Statement of the Questions Involved":

1. Whether the Court erred in Dismissing Count #3 from [the] Complaint[?]
2. Whether the Court erred in Dismissing claims of recklessness and claims for Negligent Infliction of Emotional Distress[?]
3. Whether the Court Erred in Dismissing Defendant Dana Defilippis[?]

Appellant's Brief at 2-3.

Before addressing Appellant's challenges to the pre-trial dismissal of Mrs. Defilippis as a defendant, as well as certain claims, we consider whether Appellant preserved any issue for appeal. Issue preservation presents a question of law.  Our standard of review is *de novo*, and our scope of review is plenary.  ***See Trigg v. Children's Hosp. of Pittsburgh of UPMC***, 658 Pa. 502, 229 A.3d 260, 269 (2020).

Pennsylvania Rule of Civil Procedure 227.1 generally requires that a party file post-trial motions to preserve issues for appeal.  ***Diamond Reo Truck Co. v. Mid-Pacific Industries, Inc.***, 806 A.2d 423 (Pa.Super. 2002). However, "[a] motion for post-trial relief may not be filed to orders disposing of preliminary objections, motions for judgment on the pleadings or for summary judgment, motions relating to discovery or other proceedings which do not constitute a trial." Pa.R.Civ.P. 227.1(c), Comment (internal citation

omitted). Thus, when the trial court enters a pre-trial order dismissing one or more claims then holds a trial on a remaining claim or claims, an appellant's failure to file a post-trial motion will not waive a challenge to the pre-trial dismissal of claims or parties. **See Olszewski v. Parry**, 283 A.3d 1257, 1261 (Pa.Super. 2022); **B.K. ex rel. S.K. v. Chambersburg Hosp.**, 834 A.2d 1178, 1181 (Pa.Super. 2003). In **Olszewski** and **B.K.**, for example, this Court declined to find waiver of the appellants' challenges to interlocutory summary judgment motions because the Comment to Rule 227.1(c) prohibits the filing of post-trial motions from certain pre-trial orders. **See Olszewski**, 283 A.3d at 1261-62; **B.K.**, 834 A.2d at 1181-82.

Here, Appellant challenges an interlocutory pre-trial ruling, which dismissed all claims against Mrs. Defilippis, as well as struck from Appellant's Complaint (a) all claims of recklessness, (b) all claims for negligent infliction of emotional distress, and (c) Count 3 in its entirety.[5] He did not file post-trial motions after the jury found in favor of Mr. Defilippis on the remaining negligence claim. As indicated in **Olszewski** and **B.K.**, post-trial motions may not be filed from orders disposing of partial judgment on the pleadings. **See** Pa.R.Civ.P. 227.1(c), Comment. Therefore, we conclude Appellant's failure to file post-trial motions does not waive his challenges to the trial court's July

_____

[5] As indicated *supra*, the trial court's order also struck Paragraphs 8, 9, and 14 of Count 2 of Appellant's Complaint; however, on appeal, Appellant indicates he is not challenging this portion of the trial court's order since the paragraphs "have no impact on [Appellant's] financial recovery." Appellant's Brief at 5.

13, 2023, pre-trial order granting partial judgment on the pleadings in favor of Appellees.

Turning to the issues presented on appeal, we have carefully reviewed Appellant's nine-page *pro se* brief and conclude there are substantial defects in his brief, which precludes us from conducting meaningful appellate review.

Pennsylvania Rule of Appellate Procedure 2111(a) specifies that matters must be included in an appellate brief under separate and distinct titled sections provided in a particular order. Here, most notably, Appellant's brief lacks a distinct Argument section. *See* Pa.R.A.P. 2111(a)(8). While Appellant has weaved bald, conclusory statements of error within his Statement of the Case, Summary of Argument, and short conclusion of the relief sought, he has presented no separate Argument section.

Moreover, even construing his *pro se* brief liberally and piecing together the "argument," we note the brief is devoid of any relevant controlling case law applied and analyzed under the facts of this case. "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." ***Eichman v. McKeon***, 824 A.2d 305, 319 (Pa.Super. 2003) (citations omitted). ***See*** Pa.R.A.P. 2119 (setting forth requirements for the argument portion of appellate briefs). Appellant has not presented this Court with any developed, coherent argument.

Furthermore, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for

review, a Court will not consider the merits thereof." ***Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942-43 (Pa.Super. 2006).

"While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because [he] lacks legal training." ***Id.*** at 942 (citation omitted). Appellant's *pro se* status does not relieve him of his duty to properly raise and develop his appealable claims. ***See id.*** "As our [S]upreme [C]ourt has explained, any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing." ***Id.*** (citation omitted).

In the present case, even a liberal construction of Appellant's brief cannot remedy the serious inadequacies. Accordingly, we quash the appeal due to the substantial defects in Appellant's brief, which hamper our ability to conduct meaningful appellate review. We simply decline to become Appellant's counsel.

In light of the aforementioned, this appeal is quashed. Consequently, the Prothonotary is directed to remove this matter from the A06/25 argument list.

Appeal Quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/21/2025