J-A07032-25

2025 PA Super 197

| | | |
|---|---|---|
| DAVID P. SCHOFIELD AND LORI ANN MILLER, SUCCESSOR CO-TRUSTEES UNDER DECLARATION OF TRUST DATED NOVEMBER 17, 2000, AS AMENDED | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | No. 1060 MDA 2024 |
| ERIC ALBERT STEINHAUER, ADMINISTRATOR OF THE ESTATE OF LINDA STEINHAUER A/K/A LINDA M. STEINHAUER, DECEASED | : : : : : : : | |
| APPEAL OF: ERIC ALBERT STEINHAUER | : : : | |

Appeal from the Order Entered July 8, 2024
In the Court of Common Pleas of Luzerne County
Civil Division at No: 2023-03233

BEFORE: BOWES, J., OLSON, J., and STABILE, J.

OPINION BY STABILE, J.:                    **FILED SEPTEMBER 08, 2025**

Appellant, Eric Alber Steinhauer, appeals from the July 8, 2024 order denying his petition for leave to file post-trial motions *nunc pro tunc*. We affirm.

This is an action to quiet title to property at 4271 Paper Birch Lane, Bear Creek Township, Luzerne County (the "Property"). The issue before us arises from Appellant's post-trial procedural missteps, but we provide the following facts and procedural history for context.

Albert J. Schofield ("Albert"), now deceased, owned the Property during his lifetime. In 2001, he deeded the Property from himself to the Albert J.

Schofield Trust (the "Trust"), of which he was the trustee. Upon Albert's death, the Trust assets were to be distributed equally to his three children, Appellee David P. Schofield ("David"), Appellee Lori Ann Miller ("Lori"), and Linda Steinhauer ("Linda"). Subsequently, in 2007, Albert purported to deed the Property to his three children (the "2007 Deed"). The attorney who prepared the 2007 Deed apparently failed to perform a title search and therefore was unaware of Albert's 2001 conveyance of the Property to the Trust.

Linda died intestate on May 15, 2014, predeceasing Albert. Appellant was her husband. On October 24, 2014, Albert amended the Trust language to clarify that Appellant was not a beneficiary of the Trust. Albert died on March 25, 2022, leaving David and Lori as successor co-trustees of the Trust.

On January 11, 2023, Appellant filed a writ of summons against David and Lori as trustees and against Albert's estate. As of the filing of this appeal, Appellant had yet to follow the writ of summons with a complaint.

Appellees, unable to convey the Property because of Appellant's pending action, filed this quiet title action on March 21, 2023. The parties proceeded to a bench trial on November 14, 2023. On February 9, 2024, the trial court entered an order and a written decision explaining that the 2007 Deed did not convey title because Albert previously deeded the Property to the Trust. The court therefore concluded that the 2007 Deed should be stricken and that Appellant has no interest in the Property.

Appellant filed a premature appeal, docketed at 374 MDA 2024, on March 1, 2024, without having filed post-trial motions. This Court issued an order on April 8, 2024, directing Appellant to show cause why the appeal should not be dismissed, because no post-trial motions had been filed and because no final judgment had been entered. On April 19, 2024, Appellant discontinued the appeal at 374 MDA 2024. Also on that date, Appellant sought leave from the trial court to file post-trial motions *nun pro tunc*. The trial court denied relief by order of June 27, 2024, and entered final judgment in the quiet title action on July 8, 2024. Appellant filed this timely appeal on July 19, 2024.

Appellant presents eight questions, each of which challenges some aspect of the trial court's refusal to permit him to file his post-trial motions *nunc pro tunc*. Appellant's Brief at 5-8. Because these questions pertain to a single issue, we address them together.

In essence, Appellant claims the trial court's order and decision of February 9, 2024, was misleading in that it appeared to be a final, appealable order and thus not subject to challenge by post-trial motions. That is, "[t]he trial court's order and decision stated 'it is hereby ORDERED and DECREED' prior to its listing of the relevant findings. According to Black's Law Dictionary, 'decree' is defined as a 'final judgment.'" Appellant's Brief at 23.

The Pennsylvania Rules of Civil Procedure require the filing of post-trial motions within ten days of the decision in a non-jury trial. Pa.R.Civ.P.

227.1(c)(2). Noncompliance results in waiver. Pa.R.C.P. 227.1(b)(2); Pa.R.A.P. 302(a); *D.L. Forrey & Assocs., Inc. v. Fuel City Truck Stop, Inc.*, 71 A.3d 915, 919 (Pa. Super. 2013). Here, Appellant missed that deadline and sought *nunc pro tunc* relief. "The decision to allow the filing of a post-trial motion *nunc pro tunc* is vested in the discretion of the trial court." *Lenhart v. Cigna Cos.*, 824 A.2d 1193, 1195 (Pa. Super. 2003). We reverse only if the trial court abuses its discretion. *Id.*

In *D.L. Forrey*, as in the instant case, the appellant filed an appeal without first filing post-trial motions. This Court ultimately dismissed the appeal and denied the appellant's application for reconsideration without prejudice to seek *nunc pro tunc* relief from the trial court. *Id.* at 917-18. The appellant did so, arguing in part that the trial court gave appellant the reasonable impression that an immediate appeal was necessary.[1] The trial court denied relief. *Id.* at 918. The appellant argued to this court that the trial court erred in concluding that permission to file post-trial motions *nunc pro tunc* was appropriate only in extraordinary circumstances. *Id.* This Court affirmed the trial court, reasoning that where the appellant fails to file post-trial motions while the trial court still has jurisdiction, *nunc pro tunc* relief will be available only in extraordinary circumstances. *Id.* at 919-22 (citing

---

[1] The trial court explained, on the record, "your attorney can advise you of any appellate right that you would have. You would have 30 days to file—you can actually file any posttrial motions and also 30 days to file an appeal to the Superior Court." *Id.* at 917.

- 4 -

***Sahutsky v. H.H.Knoebel Sons***, 782 A.2d 996 (Pa. 2001)). This is so because our Courts do not excuse "non-compliance with its Rules [of Civil Procedure] when the parties have made no attempt at conformity[.]" ***Id.*** (quoting ***Sahutsky***, 782 A.2d at 1001).

Likewise, in ***Lenhart***, the appellant appealed from the final judgment without first having filed post-trial motions. In rendering its non-jury verdict, the trial court wrote: "**Judgment** in favor of [plaintiff] and against [the appellant] in the amount of [….]." ***Id.*** at 1194 (emphasis added). After its initial appeal was quashed, the appellant sought permission to file post-trial motions *nunc pro tunc*. On appeal from the trial court's denial of relief, this Court affirmed. "The grant of *nunc pro tunc* relief is not designed to provide relief to parties whose counsel has not followed proper procedure in preserving appellate rights." ***Lenhart***, 824 at 1197-98. Thus, "regardless of what terms were used by the trial court in its decision, it was required to file post-trial motions in order to preserve any issues for appellate review." ***Id.*** at 1197. That is, the *nunc pro tunc* was not available to an appellant who did not even attempt to comply with the procedural rules.

In contrast, the appellant in ***Watkins v. Watkins***, 775 A.2d 841 (Pa. Super. 2001), filed a procedurally defective post-trial motion. In specific, the motion came 15 days after the trial court's decision—beyond the 10-day deadline under Rule 227.1, but while the case remained within the trial court's

jurisdiction. The appellee argued that the appeal should be quashed. This Court disagreed:

> We find that appellant's motion was treated as an untimely motion for post-trial relief incorrectly captioned as a motion to reconsider. Appellant's motion raised substantive issues which the lower court considered and denied within the thirty day period in which the court still had jurisdiction over the case. Appellee did not object or allege any prejudice by the trial court's consideration of the motion. Whenever a party files post-trial motions at a time when the court has jurisdiction over the matter but outside the ten-day requirement of Pa.R.C.P. 227.1, the trial court's decision to consider the motions should not be subject to review unless the opposing party objects.

*Id.* at 845 n.1.

The **D.L. Forrey** Court distinguished **Watkins**, explaining that **Watkins** did not involve a party's wholesale failure to file post-trial motions. When, as in **D.L. Forrey** (and in **Lenhart**), the appellant fails to file any post-trial motion before the trial court is divested of jurisdiction, *nunc pro tunc* relief is appropriate only in extraordinary circumstances. **D.L. Forrey**, 71 A.3d at 915.

Application of the foregoing to the instant case us is straightforward. The trial court's February 9, 2024 order and decision begins as follows:

### ORDER

> NOW, this 9th day of February 2024, it is hereby ORDERED and DECREED as follows: […]

Order and Decision 2/9/24, at 1. The remainder of the document is the trial court's explanation for its non-jury verdict. We observe that the document is headed, in bold and in all capital letters, with the word "**ORDER**". It is distinct

in this way from the order at issue in **Lenhart**, in which the trial court expressly stated that judgment was entered in favor of the plaintiff. Arguably, the order at issue in **Lenhart** was more misleading that the one presently at issue. Appellants' reliance on the word "DECREED," even though it normally indicates a final order, is unavailing in light of this Court's opinion in **Lenhart**, and in light of the context of the remainder of the trial court's February 9, 2024 filing, in which the court explained the basis for its non-jury verdict. Similarly, the **D.L. Forrey** Court rejected the appellant's reliance on the somewhat ambiguous language the trial court used on the record at the conclusion of the nonjury trial in that case.

Taken together, **D.L. Forrey** and **Watkins** teach that attorneys are expected to understand and follow the post-trial procedural rules, regardless of some arguable ambiguity in a trial court order. Thus, in the event of an appellant's wholesale failure to file post-trial motions, *nunc pro tunc* is not available absent extraordinary circumstances. **Watkins** applies only where the appellant files a procedurally defective post-trial motions when the trial court still has jurisdiction.[2]

**D.L. Forrey** and **Lenhart** are on point here, and **Watkins** is distinguishable. Appellant offers little to distinguish the present case from

---

[2] Given the **D.L. Forrey** Court's analysis, Appellant's reliance on Pa.R.Civ.P. 126, which permits court's to overlook some defects of error or procedure, is misplaced.

***D.L. Forrey*** and ***Lenhart***. We note, in particular, that the *lis pendens*—Appellant's writ of summons, which he claims was a cloud of title on the Property—does not advance Appellant's argument that the February 9, 2024 order was final. Appellant argues that the trial court should have addressed the *lis pendens* somewhere in its February 9, 2024 order and decision but did not. Appellant's Brief at 25-26. This perceived incompleteness of the trial court's decision[3] was all the more reason for Appellant to file post-trial motions **before** filing an appeal.

For the foregoing reasons, we discern no abuse of discretion in the trial court's refusal to permit Appellant to file post-trial motions *nunc pro tunc*.

Order affirmed.


Judgment Entered.


_____

Benjamin D. Kohler, Esq.
Prothonotary


Date: 09/08/2025

---

[3] We express no opinion on the legal effect of Appellant's writ of summons, nor do we express an opinion on Appellant's argument that the trial court should have addressed it.